Noam J. Kritzer (nkritzer@bakoskritzer.com)
Edward P. Bakos (ebakos@bakoskritzer.com)
**Bakos & Kritzer**
845 Third Avenue, Sixth Floor
New York, New York 10022
Telephone: 212-724-0770

*Counsel for Plaintiff:*
*Prong, Inc.*

| | |
|---|---|
| **PRONG, INC.** <br> **(a Delaware corporation),** <br> Plaintiff, <br> v. <br> **ZILICON ACCESSORIES LLC** <br> **(a New York limited liability company) and** <br> **YEOSHUA SORIAS** <br> **(a New York resident),** <br> Defendants. | CIVIL ACTION FILE NUMBER: <br><br> *Document filed Electronically* |

**COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING AND DEMAND FOR JURY TRIAL**

Plaintiff Prong, Inc., a Delaware corporation (hereinafter "Plaintiff" or "Prong"), by its undersigned attorneys, for their Complaint against Zilicon Accessories LLC, a New York limited liability company (hereinafter "Zilicon") and Yeoshua Sorias (hereinafter "Sorias") (hereinafter collectively "Defendants"), upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, alleges as follows:

## THE PARTIES

1. Plaintiff Prong is a Delaware corporation having its principle place of business at 1123 Broadway, Suite 700, New York, New York 10010.

2. Upon information and belief, Defendant Zilicon is a New York limited liability company having its principal place of business located at 1222 Avenue M, Brooklyn, New York, 11230.

3. Upon information and belief, Defendant Sorias is an individual residing in Kings County, New York and is a principal and officer of Defendant Zilicon.

**JURISDICTION AND VENUE**

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, copyright infringement under the U.S. Copyright Act (17 U.S.C. §501 et seq.), and trademark infringement, unfair competition, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(b).

5. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367, as it involves substantial claims arising under the Patent Laws of the United States together with related claims for patent infringement, substantial claims arising under the U.S. Copyright Act, substantial claims under the Lanham Act, and state claims for unfair competition.

6. Personal jurisdiction is proper in this Court as to Defendant Zilicon, because Zilicon is a resident of the State of New York, solicits business and conducts business within the State of New York, including but not limited to marketing to customers in the State of New York, and having commercial and residential sales in the State of New York through its authorized retailers. Therefore, the Court has personal jurisdiction over Zilicon and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 28 U.S.C. § 1400(b).

7. Personal jurisdiction is proper in this Court as to Defendant Sorias, because Sorias is a resident of the State of New York and has transacted business in New York which gave rise to the allegations in this Complaint. Therefore, the Court has personal jurisdiction over Sorias and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 28 U.S.C. § 1400(a).

## BACKGROUND

8. Prong is a developer, manufacturer, and marketer of various electronic device accessories including, but not limited to, cellphone cases.

9. Among the products sold by Prong is the PWR Case product and the PocketPlug product.

10. Prong has taken various photos of its PocketPlug product, which are publically available on at least Prong's website https://prong.com/pocketplug-iphone-4 and https://prong.com/pocketplug-iphone-5.

11. These photos of the PocketPlug product represent copyrightable subject matter in accordance with the Copyright Laws of the United States, 17 U.S.C. § 101, et seq.

12. Prong duly received from the Register of Copyrights a certificate for U.S. Copyright Registration No. VA0001964239 and U.S. Copyright Registration No. VA0001964240 (hereinafter "copyrighted works") pertaining to photos of the PocketPlug product on June 11, 2015. A true and correct copy of U.S. Copyright Registration No. VA0001964239 is attached hereto as Exhibit A. A true and correct copy of U.S. Copyright Registration No. VA0001964240 is attached hereto as Exhibit B.

13. Upon information and belief, Defendant Zilicon markets and offers for sale a cellphone case under the brand name SQUIRL™ Power & Protection Case for iPhone 6 (hereinafter "SQUIRL product").

14. Prong's PWR Case product competes directly with Defendant Zilicon's SQUIRL product.

15. On September 8, 2015, U.S. Patent No. 9,130,384 ("the '384 patent") entitled "Smart Phone and/or Consumer Electronics Device Charger System" duly and legally issued to Yishai Z. Pliner and Lloyd Gladstone. By virtue of a patent assignment, Prong is the owner and assignee of all right, title, and interest in and to the '384 patent. A true and correct copy of the '384 patent is attached hereto as Exhibit C.

16. Upon information and belief, Defendant Zilicon makes, uses, sells, and/or offers to sell and/or induces others to make, use, sell, and/or offer to sell, cellphone cases, which embody and/or use the inventions claimed in the '384 patent. Such infringing cellphone cases include at least the SQUIRL product.

17. Prong owns all rights to the trademark POCKETPLUG U.S. Registration No. 4,472,249, registered January 21, 2014. The POCKETPLUG trademark is registered in International Class 009 for battery chargers, cases for mobile phones, protective covers and cases for cell phones. A true and correct copy of the registration certificate is attached hereto as Exhibit D.

18. Upon information and belief, Defendant Sorias has registered and uses the domain name proplug.com that is a variation of the mark POCKETPLUG. A true and correct copy of a database search conducted at the 1&1 WHOIS database on November 13, 2015 is attached hereto as Exhibit E.

19. Upon information and belief, Defendants currently offer for sale in interstate commerce a phone charger and protective case under the brand "Z Charger" at the domain name proplug.com. A true and correct copy of screenshots of the website is attached hereto as Exhibit F.

20. As shown in Exhibit F, Defendants' website includes a copy of Prong's copyrighted works of its PocketPlug product without Prong's authorization. The copyrighted work is publically available on at least Prong's website https://prong.com/pocketplug-iphone-4 and https://prong.com/pocketplug-iphone-5.

21. Defendants do not have a license, authorization, permission or consent to use Prong's copyrighted works.

22. Prong's PocketPlug product competes directly with Defendants "Z Charger" product.

23. The "Z Charger" product advertised and promoted on Defendants' website is not, in fact, a product sold by Defendants. The depictions of the "Z Charger" product are photos of Plaintiff's PocketPlug product which are copyright protected. Any claim that the "Z Charger" is a product associated with Defendants is false.

24. Upon information and belief, the domain name proplug.com is confusingly similar to the trademark POCKETPLUG in which Prong owns all rights. The domain name proplug.com directs consumers to purchase the "Z Charger" product, which contains unauthorized depictions of Prong's copyrighted works.

25. Defendants' use of proplug.com is likely to cause confusion, mistake, or deception in the minds of the public.

26. Defendants' infringement constitutes a willful and malicious violation of Prong's trademark rights, aimed at preventing Prong from continuing to build a business around the POCKETPLUG mark that it possesses.

## COUNT I
## DIRECT INFRINGEMENT OF THE '384 PATENT

27. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 26 herein.

28. The '384 patent remains valid, enforceable, and unexpired.

29. Upon information and belief, Defendant Zilicon directly infringes and has directly infringed one or more claims of the '384 patent by making, using, selling, and/or offering to sell cellphone cases that embody or use the inventions embodied by one or more claims in the '384 patent. Such infringing cases include at least the SQUIRL product.

30. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

31. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

32. This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

33. Upon information and belief, Defendant Zilicon's commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States infringing cellphone cases have continued and are continuing with knowledge of the '384 patent, in spite of the fact that Defendant Zilicon's actions constitute infringement of the '384 patent. These commercial activities are, at a minimum, in reckless disregard of Plaintiff's rights under the '384 patent. Such acts of infringement have therefore been intentional, deliberate, and willful.

## COUNT II
## INDIRECT INFRINGEMENT OF THE '384 PATENT

34. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 33 herein.

35. The '384 patent remains valid, enforceable, and unexpired.

**A.    INDUCEMENT OF INFRINGEMENT**

36. Upon information and belief, Defendant Zilicon has induced others to infringe and continues to induce others to infringe one or more claims of the '384 patent.

37. Upon information and belief, Defendant Zilicon's end-user customers, by using the accused SQUIRL product, have directly infringed and continue to directly infringe one or more claims of the '384 patent.

38. Upon information and belief, retailers have directly infringed and continue to directly infringe one or more claims of the '384 patent by selling and offering to sell the SQUIRL product in their retail locations.

39. Since at least the date of issuance of the '384 patent, Defendant Zilicon has had actual knowledge of the claims of the '384 patent and has known, that selling and offering to sell, and importing into the United States the SQUIRL product infringes one or more of those claims.

40. Despite having knowledge of the issuance of the '384 patent, Defendant Zilicon has sold, offered to sell and promoted the accused SQUIRL product with specific intent to encourage and cause the infringement of the '384 patent by customers and by retailers.

41. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

42. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

**B.    CONTRIBUTORY INFRINGEMENT**

43. Defendant Zilicon has contributorily infringed and continues to contributorily infringe the '384 patent.

44. Upon information and belief, Defendant Zilicon's end-user customers, by using the accused SQUIRL product, have directly infringed and continue to directly infringe one or more claims of the '384 patent.

45. Upon information and belief, retailers have directly infringed and continue to directly infringe one or more claims of the '384 patent by selling and offering to sell the SQUIRL product in their retail locations.

46. Since at least the date of issuance of the '384 patent, Defendant Zilicon has had actual knowledge of the claims of the '384 patent and has known, that selling and offering to sell, and importing into the United States the SQUIRL product infringes one or more of those claims.

47. Despite having knowledge of the issuance of the '384 patent, Defendant Zilicon has sold, offered to sell and promoted the accused SQUIRL product with the specific intent to encourage and cause the infringement of the '384 patent by customers and by retailers.

48. Upon information and belief, Defendant Zilicon's SQUIRL product has no substantial non-infringing use for at least the reason that the SQUIRL product can only be used to directly infringe the '384 patent.

49. Upon information and belief, the Defendant Zilicon's SQUIRL product also constitutes a material part of the invention of the '384 patent for at least the reason it is used to practice the invention of the '384 patent.

50. Upon information and belief, Defendant Zilicon knows that the SQUIRL product is made or especially adapted for use in an infringement of the '384 patent for at least the reason that the SQUIRL product is advertised, sold, and/or offered for sale only to attach to a cellphone in a manner covered by the '384 patent.

51. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

52. Defendant Zilicon's acts of infringement of the '384 patent have caused and will continue to cause Plaintiff irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

# COUNT III
# COPYRIGHT INFRINGEMENT

53. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 52 herein.

54. Plaintiff is the owner of U.S. Copyright Registration Nos. VA0001964239 and VA0001964240.

55. Plaintiff has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the copyrighted works identified herein.

56. The past and ongoing use of Plaintiff's copyrighted works by Defendants results in actual damage to Plaintiff, including but not limited to the loss of licensing revenue, the profits on sales lost as a result of Defendants infringement, and the diminution of the value of Plaintiff's rights.

57. Each infringement by Defendants of Plaintiff's copyrighted works constitute a separate and distinct act of infringement in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

58. Upon information and belief, Defendants' acts of infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

59. As a direct and proximate result of the infringements by Defendants, Plaintiff is entitled to damages and Defendants' profits in amounts to be proven at trial which are not currently ascertainable.

60. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amount as may be proper under 17 U.S.C. § 504.

61. Plaintiff is further entitled to recovery its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

62. Defendants' acts of infringement have caused and will continue to cause Plaintiff irreparable harm unless such infringing activities are enjoined by this Court pursuant to 17 U.S.C. §§ 502 and 503.

## COUNT IV
## TRADEMARK INFRINGEMENT

63. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 62 herein.

64. Defendants' use of proplug.com, which is confusingly similar to the mark POCKETPLUG, is likely to cause confusion and mistake. Such use by Defendants of the infringing proplug.com, especially in connection with images of Plaintiff's devices, deceives, and is likely to deceive others into believing that Defendants' products are sponsored by, approved by, or affiliated with Plaintiff constituting trademark infringement in violation of the Lanham Act.

65. Upon information and belief, the actions of Defendants, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the POCKETPLUG mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

66. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants' sales, and the costs of this action.

67. Upon information and belief, Defendants' acts of infringement were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT V
## FEDERAL UNFAIR COMPETITION

68. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 67 herein.

69. Upon information and belief, consumers are likely to be misled and deceived by Defendants' representation of Plaintiff's product under a different brand name.

70. Defendants knew or should have known that its representations regarding the product depicted on the proplug.com website were false or likely to mislead.

71. As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

72. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants' sales, and the costs of this action.

73. Upon information and belief, Defendants' acts of infringement were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT VI
## STATE UNFAIR COMPETITION

74. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 73 herein.

75. Upon information and belief, consumers are likely to be confused and deceived as to the origin of the goods by Defendants' representation of Plaintiff's product under a different brand name.

76. Defendants knew or should have known that these representations were confusing and likely to deceive.

77. Upon information and belief, Defendants' actions were a bad faith misappropriation of Plaintiff's labor and expenditures in developing, advertising, marketing, and offering the product to consumers.

78. As an actual and proximate result of Defendants' bad faith misappropriation, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

## COUNT VII
## FALSE ADVERTISING

79. Plaintiff realleges and incorporates the allegations set forth in Paragraph 1 through 78 herein.

80. Defendants have made and distributed in interstate commerce and in this District advertisements that contain false and misleading statements of fact regarding their products. These advertisements contain actual misstatements, specifically that the product advertised and pictured on Defendants' website is Plaintiff's product.

81. These statements actually deceive, or have a tendency to deceive, a substantial segment of Defendants' customers and potential customers. This deception is material in that it concerns an inherent quality or characteristic of Defendants' product and is likely to influence the purchasing decisions of Defendants' customers.

82. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

83. Defendants' false and misleading advertising statements and omissions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84. Defendants have caused Plaintiff to suffer damages in an amount to be determined at trial, and unless Defendants are enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

85. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendants' sales, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that the Court enter judgment against Defendant Zilicon and Defendant Sorias as follows:

A. That Defendant Zilicon has infringed and is infringing U.S. Patent No. 9,130,384 (hereinafter "the '384 patent");

B. That Defendant Zilicon and its officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the '384 patent;

C. That Defendant Zilicon be ordered to pay Plaintiff damages sufficient to compensate for Defendant Zilicon's infringement of the '384 patent, with pre-judgment and post-judgment interest, including profits lost as a result of infringement of the '384 patent, and enhancing such damages due to the willfulness of the infringement, in accordance with 35 U.S.C. § 284;

D. That this action be declared as exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded their attorneys' fees, costs, and expenses for Defendant Zilicon's infringing the '384 patent;

E. That Defendants have infringed and are infringing U.S. Copyright Registration Nos. VA0001964239 and VA0001964240 (hereinafter "copyrighted works");

F. That Defendants be ordered to pay Plaintiff's damages and Defendants' profits in such amount as may be found, alternatively, for maximum statutory damages in the amount of $150,000, or for such other amount as may be proper in accordance with 17 U.S.C. § 504;

G. That Defendants be preliminarily and permanently enjoined from further acts of infringement of the Plaintiff's copyrighted works, in accordance with 35 U.S.C. §§ 502 ad 503;

H. That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, costs, and expenses, in accordance with 17 U.S.C. § 505;

I. That Defendants have infringed and are infringing POCKETPLUG U.S. Registration No. 4,472,249 (hereinafter "Plaintiff's mark");

J. That Defendants and any registrars of the proplug domain name be ordered to procure the transfer to Plaintiff the domain name proplug.com, and any other domain names confusingly similar to Plaintiff's mark or used in conjunction with the sale of protective covers and cases for cell phones under a mark confusingly similar to Plaintiff's mark;

K. That Defendants be ordered to pay Plaintiff damages sufficient to compensate for Defendants' trademark infringement, unfair competition, and false advertising, with pre-judgment and post-judgment interest, including profits lost, and enhancing such damages, in accordance with 15 U.S.C. § 1117;

L. That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, costs, and expenses, in accordance with 15 U.S.C. § 1117; and

M. That Plaintiff be awarded such other and further relief as this Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues properly triable to a jury in this case.

| | |
|---|---|
| Dated: November 20, 2015 | Respectfully submitted,<br><br>By: /s/ Noam J. Kritzer<br>Noam J. Kritzer<br>Edward P. Bakos<br>845 Third Avenue, Sixth Floor<br>New York, New York 10022<br>Telephone: (212) 724-0770<br>Telefacsimile: (973) 520-8260<br>nkritzer@bakoskritzer.com<br>ebakos@bakoskritzer.com<br><br>*Counsel for Plaintiff*<br>*Prong, Inc.* |

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record herein at their respective addresses as disclosed on the pleadings.


Dated: November 20, 2015                            Respectfully submitted,

                                                            By: /s/ Noam J. Kritzer
                                                            Noam J. Kritzer